FILED
United States Court of Appeals
Tenth Circuit

May 16, 2018

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

CARL DEAN LEEPER,

      Petitioner - Appellant,

v.

WARDEN SAM CLINE,

      Respondent - Appellee.

No. 17-3257
(D.C. No. 5:17-CV-03157-SAC)
(D. Kan.)

**ORDER DENYING CERTIFICATE
OF APPEALABILITY**

Before **BACHARACH**, **MURPHY,** and **O'BRIEN**, Circuit Judges.

This matter is before the court on Carl Dean Leeper's pro se request for a certificate of appealability ("COA"). Leeper seeks a COA so he can appeal the district court's dismissal, on timeliness grounds, of his 28 U.S.C. § 2254 habeas petition. *See* 28 U.S.C. § 2253(c)(1)(A) (providing that no appeal may be taken from a final order denying habeas corpus relief unless the petitioner first obtains a COA); *id.* § 2244(d) (setting out a one-year statute of limitations as to a habeas corpus petition). Because Leeper has not "made a substantial showing of the denial of a constitutional right," *id.* § 2253(c)(2), this court **denies** his request for a COA and **dismisses** this appeal.

Following a jury trial in Kansas state court, Leeper was convicted of one count of aggravated robbery. His conviction was affirmed on direct appeal. *State v. Leeper*, No. 93,599, 2006 WL 1520536, at *1 (Kan. Ct. App. June 2, 2006). Both of Leeper's efforts to obtain state post-conviction relief were unsuccessful. *Leeper v. State*, No. 108,721, 2013 WL 4778160, at *5 (Kan. Ct. App. Sept. 6, 2013); *Leeper v. State*, No. 101,477, 2010 WL 3488666, at *7 (Kan. Ct. App. Aug. 27, 2010). Leeper then filed the instant, untimely, habeas petition on September 6, 2017. In response to an order to show cause on the part of the district court, Leeper recognized his petition was untimely, but asserted he was entitled to have the district court disregard the limitations period set out in § 2244(d) because he was actually innocent. *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013) ("[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or expiration of the statute of limitations."). In support of his claim of actual innocence, Leeper relied on an alleged videotape of the incident.[1]

---

[1]To be clear, Leeper has not included a copy of said videotape in his habeas filings and does not point to anything on the alleged videotape as demonstrating it was not him, but some other person, that committed the robbery. Instead, he notes there were references to the possible existence of a videotape of the incident during trial and asserts that if the videotape does exist, the prosecution's failure to adduce it at trial demonstrates he did not commit the crime. Even setting aside the timeliness concerns identified by the district court as discussed above, the entirely speculative argument advanced by Leeper (a videotape must exist because there have been some limited discussions regarding its existence and, given that it was not introduced at trial, it must show he did not commit the crime) does not

(continued...)

The district court recognized that actual innocence could serve as a gateway past the § 2244(d) limitations period. It noted, however, that a time-barred petitioner asserting a claim of actual innocence must "support his allegations of constitutional error with new reliable evidence—whether it is exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). The district court concluded the videotape evidence relied on by Leeper could not satisfy that standard because it was not new. Instead, that evidence was discussed by the Kansas Court of Appeals in both decisions denying Leeper post-conviction relief. Thus, the district court concluded Leeper's § 2254 habeas petition was time-barred.

The granting of a COA is a jurisdictional prerequisite to Leeper's appeal from the denial of his § 2254 petition. *Miller-El v. Cockrell*, 537 U.S. 322, 336

---

[1](...continued)
satisfy the rigorous requirements of the actual innocence exception to the statute of limitations. Indeed, based on the record before this court and the relevant Kansas state court decisions, it is not at all clear a videotape of the incident actually exists. *House v. Bell*, 547 U.S. 518, 538 (2006) (holding that to prevail under the actual innocence standard, the petitioner must "demonstrate that more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt"); *Frost v. Pryor*, 749 F.3d 1212, 1232 (10th Cir. 2014) ("Simply maintaining one's innocence, or even casting some doubt on witness credibility, does not necessarily satisfy this standard."). Instead, it is possible the victim of the robbery simply misspoke when referencing a videotape and was, in reality, referring to a preliminary photo array. The potential suggestiveness of that preliminary array was litigated extensively by Leeper in state court.

(2003). To be entitled to a COA, Leeper must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the requisite showing, he must demonstrate "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Id.* (quotations omitted). When a district court dismisses a § 2254 petition on procedural grounds, a petitioner is entitled to a COA only if he shows both that reasonable jurists would find it debatable whether he had stated a valid constitutional claim and debatable whether the district court's procedural ruling was correct. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). In evaluating whether Leeper has satisfied his burden, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. *Miller-El*, 537 U.S. at 338. Although Leeper need not demonstrate his appeal will succeed to be entitled to a COA, he must "prove something more than the absence of frivolity or the existence of mere good faith." *Id.*

Having undertaken a review of Leeper's appellate filings, the district court's order, and the entire record before this court pursuant to the framework set out by the Supreme Court in *Miller-El*, we conclude Leeper is not entitled to a COA. The district court's resolution of his petition is not reasonably subject to debate. Accordingly, this court **DENIES** Leeper's request for a COA and

-4-

**DISMISSES** this appeal.  His request to proceed on appeal *in forma pauperis* is

**GRANTED**.

           ENTERED FOR THE COURT


           Michael R. Murphy
           Circuit Judge